tender.   The verdict of the jury establishes both of these facts, and we are clearly of the opinion that they are sufficient to bar the plaintiffs' right to rescind the contract.   There was then no error in the instructions of the court, and they were as favorable to the plaintiffs as they had any right to ask or expect.

There is nothing in the other assignments requiring special notice.  The evidence complained of had more or less bearing upon the question in issue, and there was no error in its admission that calls for a reversal of the judgment.

Judgment affirmed.

## Dillin *versus* Wright.

1. A devise was, " I leave my house in G. in charge of S. A. and E. W., for the benefit of my brother, to be used principal and interest if needed, and if any remains after his death, it. is to become the property of E. and S. *Held*, that the brother had not an absolute power of disposition ; the land being unchanged at his death passed to E. and S. in fee.

2. The discretion as to its disposition was in S. A. and E. W. as trustees ; not in the brother.

February 18th 1873.'  Before READ, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ.   AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia :* No. 341, to January Term 1873.

This was an action of assumpsit, brought September 2d 1870, by Emma Wright and Samuel Wright, minors, by their guardian, Isaac M. Post, against Eli Dillin.

Elizabeth A. Hamersley, by her will, dated August 6th 1864, amongst other things, devised as follows :—

" I leave the house at Germantown in charge of my uncle Samuel Albright and my aunt Elizabeth Wright, for the benefit of my brother Robert, to be used, principal and interest, if needed ; and if any remains after his death, it is to become the property of my cousins Emma and Samuel Wright."

The testatrix died shortly afterwards.   Her brother Robert subsequently died, the real estate remaining in the condition in which it was at her death.

The defendant collected the rents of the real estate, which had accrued since the death of Robert, and paid the charges and taxes on the same, and held the balance for such persons as were entitled to it.

It was agreed that if the plaintiffs were entitled under the will to the real estate, the verdict should be for them for $656.65.

The court below instructed the jury to find for the plaintiff, reserving the question whether the devisee Robert took an estate in fee or for life only, with remainder over to the plaintiffs; and

23 P. F. SMITH—12

[Dillin *v.* Wright.]

afterwards entered judgment for the plaintiffs upon the verdict on the point reserved, on the following opinion by Hare, P. J.:—

" It is well settled that a ' devise of an estate generally or indefinitely, with a power of disposition over it, carries a fee : ' Church *v.* Disbrow, 2 P. F. Smith 219, 222. The result may be the same when the devise is for life, and the power implied from a gift over of the ' residue.' The reason is that the right to dispose of or alienate implies absolute control and ownership ; in other words, the existence of a fee. The intention of the testator under these circumstances is to limit the interest of the first taker, and that what he does not use or assign shall go over at his death. But he has another· purpose which is inconsistent with the first, and as both cannot stand, the effect will be given to that which favors the first object of his bounty. To say that a man may deal with property as he thinks fit during his' life, but that he shall not have power to leave what he does not use to those who are dear to him, is an incongruity which the law will not tolerate. A great motive for economy would be withdrawn, and the donee might be led to squander that which he was not permitted to bequeath.

" The material words in the devise before us are as follows : ' I leave the house in Germantown in charge of my uncle, Samuel Albright, and my aunt, Elizabeth Wright, for the benefit of my brother Robert, to be used, principal and interest, if needed ; and if any remains after his death, it is to become the property of my cousins, Emma and Samuel Wright.' Did this clause confer an absolute power of disposition on the devisee, Robert Rowand ? The whole was to be applied to his use if needed, and the surplus only ' to become the property ' of the plaintiffs. So far the case is with the defendant. But the question remains—Who was to judge of the extent of Robert's needs ? and whether they could be satisfied from the interest, or required an absolute appropriation of the principal. It would seem very clear that this discretion was vested in the trustees, and not in the beneficiary. Otherwise the creation of the trust served no good purpose, and the introduction of the names of Samuel Albright and Elizabeth Wright was a mere form. Such an inference would be contrary to the rule that in construing a will, effect shall be given to every clause. It is significant that Elizabeth Wright, the mother of the devisees in remainder, was chosen by the testatrix to administer the trust. A discretionary power in the trustees to dispose of the property by sale and apply the proceeds to Robert's use ' if needed,' is obviously not consistent with the existence of a limited estate in him. In this aspect the several parts of the clause become harmonious ; the gift to Robert, the gift over, and the power of disposition. It should therefore be preferred to the opposite construction, which

[Dillin v. Wright.]

defeats the remainder, contrary to the express will of the testator. Judgment is entered for the plaintiffs on the point reserved."

The defendant took a writ of error, and assigned for error the entering of judgment for the plaintiffs on the reserved point.

*E. Hopper*, for plaintiff in error.—Robert, having a right to dispose of the property at pleasure, took a fee : 2 Washburn Real Property 752 ; 6 Cruise's Dig. (Greenleaf) 367, note ; 4 Kent's Com. 297 ; Ide v. Ide, 5 Mass. R. 500 ; Hambright's Appeal, 2 Grant 320 ; Green's Appeal, 6 Wright 25 ; Presbyterian Church v. Disbrow, 2 P. F. Smith 219. The trust was not an active one : Dodson v. Ball, 10 P. F. Smith 492 ; Yarnall's Appeal, 20 Id. 335.

*A. Thompson*, for defendants in error.—The implication of absolute ownership may be rebutted by the express gift of a less estate : Hess v. Hess, 5 Watts 191 ; Flintham's Appeal, 11 S. & R. 16 ; Pennock's Est., 8 Harris 268 ; Upwell v. Halsey, 1 P. Wms. 651 ; Jauretche v. Proctor, 12 Wright 466 ; Barnett v. Deturk, 7 Wright 92.

Judgment was entered in the Supreme Court, February 24th 1873.

Per Curiam.—Judgment affirmed on the opinion of Judge Hare.

## Cannon *versus* Boyd.

1. Where a continuous and apparent servitude is imposed by an owner on one part of his land for the benefit of another, a purchaser at private or judicial sale takes subject to the servitude.

2. An owner of land subject to a mortgage laid it out in lots, and built on two adjoining lots, on one was an alley which was used by the other ; the land was sold in the distinct lots under the mortgage, the use of the alley being apparent. *Held*, that the first lot was sold subject to the use of the alley, although no reference to it was made in the sheriff's deed.

3. Whether the agent who purchased the dominant lot at the sheriff's sale expected when he purchased to get the alley—was not evidence to affect his principal's title.

4. Overdeer v. Updegraff, 19 P. F. Smith 110 ; Seibert v. Levan, 8 Barr 383, recognised.

February 19th 1873. Before REED, C. J., SHARSWOOD, WILLIAMS and MERCUR, JJ. AGNEW, J., at Nisi Prius.

Error to the District Court of *Philadelphia*: No. 49, to July Term 1871.

This was an action on the case brought October 28th 1870, by John Boyd against Patrick Cannon, for closing an alley over which the plaintiff claimed he had a right of passage.

On the 17th of November 1845, Francis McCabe bought an

| 73 | 179 |
| 146 | 285 |
| 73 | 179 |
| 156 | 433 |
| 73 | 179 |
| 179 | 293 |
| 73 | 179 |
| 190 | 173 |
| 73 | 179 |
| e39SC | 64 |